PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ANTONY MARTINEZ, | ) |
| | ) CASE NO. 3:22-CV-00670 |
| Petitioner, | ) |
| | ) |
| v. | ) JUDGE BENITA Y. PEARSON |
| | ) |
| FIELD OFFICE DIRECTOR, | ) |
| | ) **MEMORANDUM OF OPINION AND** |
| Respondent. | ) **ORDER** |
| | ) [Resolving ECF No. 8] |

Pending before the Court are Petitioner Antony Martinez's Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1) and the Government's Answer and Return and Motion to Dismiss (ECF No. 8). Petitioner filed an Opposition to the Government's Answer and Return and Motion to Dismiss. ECF No. 9. The Government then filed a Reply in support of its Answer and Return and Motion to Dismiss. ECF No. 12. Having reviewed the parties' briefs and applicable law, the Court denies Petitioner's Writ (ECF No. 1) and grants the Government's Motion (ECF No. 8).

**I. Background and Procedural History**

Petitioner Antony Martinez,[1] a native and citizen of Honduras, first entered the United States as an undocumented immigrant in 2015. According to an Immigration and Customs Enforcement ("ICE") Detention and Deportation Officer, Petitioner re-entered the United States

---

[1] Petitioner Antony Martinez's Alien Number is #215679289. ECF No. 1 at PageID #: 1. According to the U.S. Immigration and Customs Enforcement database, his name is listed as Adonis Celeo Paisano Martinez, and he is currently detained at Seneca County Jail. *See Online Detainee Locator System*, U.S. Immigration and Customs Enforcement, https://locator.ice.gov/odls/#/index (last visited Dec. 22, 2022).

(3:22-CV-00670)

once again as an undocumented immigrant on May 6, 2018.  On November 1, 2018, the Immigration Court in Eloy, Arizona ordered Petitioner's removal.  On November 7, 2018, Petitioner appealed the immigration judge's decision to the Board of Immigration Appeals ("BIA").  The BIA dismissed Petitioner's appeal on April 24, 2020.

On October 21, 2021, Petitioner was convicted of criminal damaging or endangering, assaulting a police dog or horse, and sexual imposition.  Following this conviction, ICE detained Petitioner on October 26, 2021.  That same day, the Office of Enforcement and Removal Operations ("ERO") of ICE requested travel documents for Petitioner from the Honduran government.  After initially having some difficulty ascertaining Petitioner's identity, the ERO was finally able to secure the travel documents on June 14, 2022 and scheduled Petitioner's removal date for June 24, 2022.

On June 20, 2022, a few days short of his scheduled removal, Petitioner filed an Emergency Motion for a Temporary and Permanent Stay of Removal Pending Review in the Ninth Circuit Court of Appeals, and the Ninth Circuit granted Petitioner a temporary stay of removal.  On August 18, 2022, the Ninth Circuit dismissed Petitioner's untimely petition for review in *Martinez v. Garland*, 22-1072 and denied Petitioner's motion for a permanent stay of removal.  On October 11, 2022, the Ninth Circuit issued a corresponding mandate lifting the temporary stay of removal that it initially granted Petitioner.

During the October 26, 2022 telephonic status conference before the undersigned, the parties informed the Court that Petitioner had a pending motion before the BIA.  The Government also notified the Court that if the BIA denies Petitioner's motion, it was ready to remove Petitioner from the United States within the first two weeks of November.  Then on November 18, 2022, the parties filed a joint status report (ECF No. 16) informing the Court that

2

(3:22-CV-00670)

the BIA granted Petitioner a Stay of Removal on November 16, 2022, based on his filing of a Motion to Reopen with the BIA.

Parallel to the proceedings before the Ninth Circuit and BIA, Petitioner filed this Writ of Habeas Corpus arguing that his continued detention violates 8 U.S.C. § 1231(a)(6), 8 C.F.R. § 241.4(e), and the Fifth Amendment's Due Process Clause. The Government filed an Answer and Return and Motion to Dismiss claiming that Petitioner failed to establish that his removal is not reasonably foreseeable. Petitioner filed an Opposition to the Government's Answer and Return and Motion to Dismiss. The Government then filed a Reply in support of its Answer and Return and Motion to Dismiss.

## II. Standard of Review

28 U.S.C. § 2241 confers jurisdiction upon federal district courts to review habeas petitions and to determine whether detention is "in violation of the Constitution or laws . . . of the United States." For undocumented immigrant detainees, 28 U.S.C. § 2241 habeas corpus proceedings are available to resolve constitutional and statutory challenges to post-removal-period detention. *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001). Constitutionally, the Fifth Amendment's Due Process Clause, which provides that no person shall be "deprived of life, liberty, or property, without due process of law," applies to post-removal-period detention challenges. Statutorily, 8 U.S.C. § 1231 governs the detention and removal of aliens who are ordered to be removed, and 8 C.F.R. § 241.4(e) provides criteria considerations for the release of undocumented immigrant detainees.

The Due Process Clause of the Fifth Amendment safeguards against substantive and procedural due process violations. U.S. Const. amend. V. In the context of removal of undocumented immigrants, due process violations may be established when undocumented

3

(3:22-CV-00670)

immigrants are stuck in a "removable-but-unremovable limbo," making their removal unforeseeable. *Martinez v. Larose*, 968 F.3d 555, 565 (6th Cir. 2020). In *Martinez v. Larose*, the Sixth Circuit held that a petitioner who is "'subject to nearly immediate removal' once his appeals are resolved" could not demonstrate a due process violation because his removal was reasonably foreseeable despite him being in detention for roughly two years already at the time of the briefing in his case. *Id.* The Sixth Circuit also determined that in a post-*Jennings* world, it would be "out of place" to impose "a general rule that aliens detained under § 1231(a) must receive a bond hearing after a specific lapse of time" when the statute makes no mention of this. *Id.* (Citing *Jennings v. Rodriguez*, 138 S. Ct. 830, 843 (2018) in which the Supreme Court cautions that the constitutional avoidance canon "does not give a court the authority to rewrite a statute as it pleases. Instead, the canon permits a court to 'choos[e] between competing *plausible* interpretations of a statutory text.'"). Therefore, when an undocumented immigrant's removal remains reasonably foreseeable, the immigrant's continued detention and a denial of a bond hearing are not constitutional violations.

Federal law codified at 8 U.S.C. § 1231 provides that once an alien is ordered to be removed, the person should be removed from the United States within a period of 90 days. Following the 90-day removal period, 8 U.S.C. § 1231(a)(6) instructs that an alien may be "detained beyond the removal period and, if released, shall be subject to the terms of supervision in paragraph (3)[2]" if the alien is "inadmissible under section 1182 of this title, removable under

---

[2] 8 U.S.C. § 1231(a)(3) provides that an alien "shall be subject to supervision" under the following provisions: "(A) to appear before an immigration officer periodically for identification; (B) to submit, if necessary, to a medical and psychiatric examination at the expense of the United States Government; (C) to give information under oath about the alien's nationality, circumstances, habits, associations, and activities, and other information the Attorney General considers appropriate; and (D) to obey reasonable written

4

(3:22-CV-00670)

section 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4) of this title or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal." Pursuant to 8 U.S.C. § 1231(a)(1)(B), an alien's 90-day removal period begins on (i) the date the order of removal becomes administratively final; (ii) the date of the court's final order if the removal order is judicially reviewed and if a court orders a stay of the removal of the alien; or (iii) the date the alien is released from detention or confinement if the alien is detained or confined. Once the 90-day removal period expires, the post-removal-period begins.

It is unclear, from the plain text of 8 U.S.C. § 1231, exactly how long an undocumented immigrant may be lawfully detained post-removal-period. The Supreme Court in *Zadvydas v. Davis* read an implicit limitation into this statute, determining that a six-month detention post-removal period is presumptively reasonable. *Zadvydas*, 533 U.S. at 701. The Supreme Court clarified, however, that the six-month presumption is not a bright line rule mandating the release of every undocumented immigrant after six months of detention if they are not removed before then. *Id.* Rather, after this six-month period, the undocumented immigrant must first provide good reason for the reviewing court to believe that there is no significant likelihood of removal in the reasonably foreseeable future. *Id.* Only after the undocumented immigrant has established this fact is the Government required to "respond with evidence sufficient to rebut that showing." *Id.* Until there has been a determination that there is not a significant likelihood of removal in the reasonably foreseeable future," the undocumented immigrant may remain detained. *Id.*

### III. Analysis

---

restrictions on the alien's conduct or activities that the Attorney General prescribes for the alien."

5

(3:22-CV-00670)

Putting forth three claims for relief in his habeas petition, Petitioner alleges that his post-removal-period detention violates his statutory, substantive due process, and procedural due process rights.  He contends that in the absence of a "significant likelihood that he will be removed in the reasonably foreseeable future," his continued detention violates 8 U.S.C. § 1231(a)(6), 8 C.F.R. § 241.4(e), and his substantive due process rights under the Fifth Amendment.  Furthermore, Petitioner alleges that he should have "a meaningful opportunity to demonstrate that he should not be detained," and the denial of such an opportunity is a procedural due process violation under the Fifth Amendment.

Petitioner primarily argues that given his case before the Ninth Circuit, which has since been dismissed, and his Motion to Reopen currently pending the BIA's decision, he is unlikely to be removed in the reasonably foreseeable future; thus, his continued indefinite detention is a statutory and constitutional violation.  Citing *Zadvydas v. Davis*, Petitioner claims that after the presumptively reasonable six-month period of detention post-removal-period, a detained undocumented immigrant must be released unless the Government can rebut the showing that there is no significant likelihood of their removal in the reasonably foreseeable future.  ECF No. 1 at PageID #: 4.  Continued detention, Petitioner presses, violates his substantive due process rights because there is no compelling government interest to continue depriving him of liberty.

The Government moves to dismiss Petitioner's Writ because it argues that Petitioner is properly detained under 8 U.S.C. § 1231(a)(6) and is likely to be removed in the reasonably foreseeable future.  ECF No. 8 at PageID #: 28.  Although the Government recognizes that Petitioner's presumptively reasonably six-month post-removal-period expired in or around April 2022, it argues that Petitioner has not sufficiently met his burden of showing that there is no significant likelihood of his removal in the reasonably foreseeable future.  The Government

6

(3:22-CV-00670)

provides that ICE has obtained Petitioner's travel documents and that but for Petitioner's own filings with the Ninth Circuit and the BIA, Petitioner would have already been removed to Honduras.

While currently in his post-removal-period detention, the Court finds that Petitioner has failed to meet his initial burden of providing "good reason [for the Court] to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701. Prior to the commencement of Petitioner's Ninth Circuit case, ICE already obtained the necessary travel documents for his removal and set his removal date for June 2022. After the Ninth Circuit dismissed Petitioner's case, the Government once again set another date, this time in November 2022, for Petitioner's removal. Each of the Government's prior attempts to remove Petitioner have only been unsuccessful due to Petitioner's own filings. Similar to the petitioner's case in *Martinez v. Larose*, Petitioner in the case at bar is not stuck in a "removable-but-unremovable limbo," but rather will be immediately removable as soon as the BIA provides its determination on Petitioner's pending Motion to Reopen.

The Government has shown time and time again that it is ready to remove Petitioner as soon as it is permitted to do so. Petitioner, therefore, has failed to provide good reason for the Court to believe that his removal will not occur in the reasonably foreseeable future. As a result, Petitioner's continued detention is neither a statutory nor substantive due process violation despite Petitioner's post-removal-period already exceeding the presumptively reasonable six months. Additionally, given that Petitioner's detention is not indefinite, Petitioner's procedural due process rights are also not violated by not being granted a bond hearing.

### IV. Conclusion

(3:22-CV-00670)

Accordingly, Petitioner's Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1) is denied, and the Government's Motion to Dismiss (ECF No. 8) is granted.

IT IS SO ORDERED.

 December 23, 2022  /s/ Benita Y. Pearson
 Date  Benita Y. Pearson
  United States District Judge